# Third District Court of Appeal

**State of Florida**

Opinion filed May 27, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D14-2501; 3D14-2500, & 3D14-1665
Lower Tribunal Nos. 13-33479, 13-32041, & 13-30167

_____


**Stephen J. Kneapler,**
Appellant,

vs.

**City of Miami, etc., et al.,**
Appellees.


Appeals from the Circuit Court for Miami-Dade County, Darrin P. Gayles and Marc Schumacher, Judges.

Linda L. Carroll; Alejandro Vilarello; Thais Hernandez, for appellant.

Victoria Mendez, City Attorney, and John A. Greco, Deputy City Attorney and Warren Bittner, Deputy Emeritus and Forrest L. Andrews, Assistant City Attorney, for City of Miami; Kurkin Brandes and Juan Carlos "J.C." Planas (Aventura), for Grove Bay Investment Group, LLC.


Before SHEPHERD, C.J., and SUAREZ and LOGUE, JJ.

SUAREZ, J.

Stephen J. Kneapler seeks to reverse a final order granting the City of Miami's and Grove Bay Investment Group's motions for summary judgment, and the denial of Mr. Kneapler's motion for partial summary judgment. We affirm.

The Court heard this case on the same calendar as the case of Solares v. City of Miami, et al., Case Number 3D14-2237. Both cases are taxpayer suits and both allege violation by the City of Miami Charter, section 29-B and Sec. 3(f)(iii) in the leasing of City property. Solares concerns the lease by the City of property at Bayside and Mr. Kneapler's suit concerns the City's lease of almost seven (7) acres of City property located on Pan American Drive, Chart House Drive and South Bayshore Drive. In both cases, the trial court granted summary judgment in favor of the City because of the plaintiffs' lack of standing to bring their respective suits. Based on years of Supreme Court and District Court of Appeal precedent regarding standing, we must affirm the trial court's ruling, as Mr. Kneapler lacks standing to bring this suit.

This matter began in January 2013 when the City issued a Request for Proposal ("RFP") for the development of the property in question, with a 50-year lease with options to extend. A Selection Committee was appointed that included Mr. Kneapler as a member. Of the two companies that made formal proposals to the Committee in response to the RFP, one withdrew, leaving only the proposal

2

made by the Grove Bay Investment Group. On June 26, 2013, the Selection Committee, by a three-to -one vote, recommended to the City Manager that the City accept the Grove Bay Investment Group's proposal. The City Commission met on July 25, 2013, and agreed to place the proposal on the ballot for referendum vote in the November 5, 2013 election. A majority of the voters approved the proposal.

Mr. Kneapler filed his lawsuit shortly before the referendum election was to take place. Among other things, he claims the City violated the City Charter Section 29-B and Section. 3(f)(iii) in the procedure used by the City to select the Grove Bay Investment Group proposal. The trial court granted summary judgment in favor of the City stating that Mr. Kneapler did not have standing to bring the suit. We affirm the trial court's correct legal determination that

> To have standing to challenge the validity of a resolution passed by a municipality directing a referendum to be placed on the general election ballot, a plaintiff must allege that he has suffered or will suffer a special injury which is distinct from that suffered by others in the district. (Citation omitted). Kneapler has not alleged a special injury different in kind than any other voter of the City, and therefore lacks standing.

Without reciting the lengthy history of the law of standing in the State of Florida, to which we are bound and cannot deviate, we adopt in full the opinion issued in Solares v City of Miami, et al., Case Number 3D14-2237, which explains

3

the principle of standing applied in these types of cases.[1]  Consequently, we need

not address Mr. Kneapler's remaining issues on appeal.[2]

      Affirmed.

---

[1] We note that we are required to follow Florida Supreme Court precedent in all cases and must arrive at this decision based on the lengthy precedent on standing flowing from the Florida Supreme Court, our fellow District Courts of Appeal, and our own court's precedent.  See Hoffman v. Jones, 280 So. 2d 431 (Fla. 1973) (holding District Court of Appeal is without power to overrule Supreme Court precedent).

[2] We observe in the record, interestingly, that Mr. Kneapler was a member of the Selection Committee, whose members were selected by the City Manager for the purpose of evaluating the bids that were submitted under the RFP, and was involved in the entire process that he now seeks to challenge.  Although intimately involved in the evaluation and recommendation process, Mr. Kneapler failed to object at the time to any of the procedural irregularities he alleges took place during that process, or the alleged City Charter violations, or the wording of the referendum special election ballot.  If lack of standing did not preclude Mr. Kneapler's suit, the principle of waiver certainly would.

4